835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Larry Eugene GOODMAN, Plaintiff-Appellant,
v.
LESCO, INCORPORATED, International Harvester Company, and
National Seating Company, Defendants-Appellees.
 No. 86-6191.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before ENGEL and CORNELIA G. KENNEDY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff William Larry Eugene Goodman (Goodman) appeals from a directed verdict in favor of defendants National Seating Company, Navistar International Corporation and Lesco Incorporated by the United States District Court for the Eastern District of Tennessee.
 
 
 2
 Plaintiff filed a complaint in the Circuit Court of Hamilton County, Tennessee alleging that during the course of his employment as a truck driver he sustained injuries which ultimately resulted in the surgical removal of his left testicle. Plaintiff complained that a defective seat/seatbelt combination in the truck he was driving caused his injuries. Plaintiff sued the manufacturer of the seat, National Seating Company (National), under strict liability, negligence, breach of warranty and violation of Tennessee product liability law theories. Plaintiff sued the company installing the seat, Navistar International Corporation (Navistar, formerly International Harvester Company), under the same theories. Finally, plaintiff sued Lesco, Incorporated (Lesco) who had leased the truck to plaintiff's employer under the theories of negligence and breach of contract. In July of 1985 this case was removed to federal district court pursuant to 28 U.S.C. 1441 and 1332.
 
 
 3
 Plaintiff alleged that his injury was sustained when he hit a severe bump in a stretch of bumpy roadway. Plaintiff claimed that the "isolator" locked when his seat went backward causing him to be propelled against the seatbelt with greater force and resulting in his injury. The truck in question was equipped with an isolator mechanism designed to allow the driver's seat to move forward and backwards about 3/4 of an inch in each direction to reduce impact on the driver as the truck encounted bumps and other variations in the roadway. The seatbelt in this truck was not attached to the movable portion of the seat; rather, it was rigidly attached to the floor of the cab.
 
 
 4
 Plaintiff alleged that the movable seat in conjunction with the stationary belt caused the product to be defective and unreasonably dangerous when sold, was negligent, breached warranties, and violated Tennessee product liability laws. Furthermore, plaintiff alleged that Lesco was negligent in failing to properly maintain the isolator and that the failure to properly maintain the seat was also a breach of contract.
 
 
 5
 The district court directed a verdict in favor of all defendants because the plaintiff had failed to prove that the alleged wrongful acts proximately caused the plaintiff's injury. Plaintiff appeals claiming that the district court erred in refusing to allow plaintiff's expert witness, Grayson Walker, to testify as to whether the truck seat/seatbelt arrangement was defective and unreasonably dangerous. Plaintiff also argues that the district court committed error directing a verdict in favor of defendants. Defendants counter, claiming that neither of the district court's decisions was in error.
 
 
 6
 We have carefully reviewed the record of the trial and other proceedings in the district court. We agree with the district judge's decision to direct a verdict in favor of defendants Navistar and National Seating Company for the reasons stated by Judge Edgar on the record. Plaintiff failed to provide any evidence of a defect in the design or manufacturing of the seat mechanism or of the isolator. Further, there was no evidence of any violations of safety standards or standards of due care by having manufactured the seat with the seat belt rigidly attached to the floor of the cab while permitting the seat by design to move forward and backward in order to absorb the shock of driving over bumpy highways.
 
 
 7
 Plaintiff argues that the trial court erred in restricting the testimony of his expert witness, Grayson Walker, who had a Ph.D. in physics and headed the Physics and Astronomy Department of the University of Tennessee, and who plaintiff claimed would have testified that this design was defective if allowed by the court. While Dr. Walker's qualifications in some areas of science were impressive, his expertise with respect to the engineering design requirements of this product was highly questionable. Dr. Walker's testimony was extensive and was not unduly restricted. We do not believe that the trial judge abused his wide range of discretion in limiting Dr. Walker's opinion testimony to matters in which he appeared to have adequately established expertise. Dr. Walker was not allowed to express his opinion as to whether this product was defectively designed or manufactured because such an opinion would concern matters beyond his particular area of expertise. The Federal Rules of Evidence, especially Rule 702, place considerable discretion in the district judge to determine the extent to which a witness, proffered to the court as an expert, is qualified by knowledge, skill, experience, training, or education to testify concerning a particular subject matter. We therefore AFFIRM the district court's directed verdict in favor of defendants National Seating Company and Navistar.
 
 
 8
 We reach a different conclusion, however, with respect to the trial judge's decision to direct a verdict in favor of the defendant, Lesco, Inc. Plaintiff acknowledged that any defect in the seating component itself was not chargeable to Lesco. He did, however, claim that Lesco had a duty to maintain in good repair the equipment being used. Lesco has in turn acknowledged that duty. The trial judge appears to have concluded from the testimony in the trial that there was insufficient evidence from which the jury could have concluded that any malfunction in the machine chargeable to the negligence of Lesco could have proximately caused Goodman's personal injuries. Upon our review of the evidence, we conclude that while the evidence on the issue of proximate cause was slight, it was sufficient to warrant submission of the question of liability, and particularly of causation to the jury. The personal testimony of Mr. Goodman was sufficient to make a prima facie question concerning whether the seat in question malfunctioned in the manner he claimed, and together with Dr. Walker's testimony, whether, if it did, it was a proximate cause of the injury to which he testified. It was the plaintiff's theory that because of a failure of proper maintenance and failure to repair and replace the seats when needed, or to modify them, the isolator mechanism on the seat had a tendency to lock unexpectedly, rather than to roll back and forth, thus performing its shock absorbing function. Dr. Walker testified that the plaintiff would probably not have been injured had the isolator worked properly. Plaintiff testified that on July 23, 1984, while driving the 1982 tractor which had been assigned to him, he was traveling on a rough stretch of road, about 25 miles in length, and in the process thereof hit a severe bump:
 
 
 9
 ... In the process of relaxing in my seat and letting the isolator in the seat work to absorb the shocks so my body would not disturb it, the isolator locked as it went backward and started forward, and in doing this, this propelled me forward and I propelled against the seat belt and came down on my left testicle.
 
 
 10
 Plaintiff testified he immediately became nauseated and drove a short distance and then began to suffer the symptomatology which ultimately led to his surgery and the loss of his left testicle. Plaintiff also introduced the testimony of other drivers who like he had earlier made complaints of the same malfunction to their employer. It was from this testimony that the medical opinion was elicited that the unexpected pressure upon the stomach led to a retrograde passage of urine which resulted in an infection of the epididymis. While it may be difficult precisely to understand why the particular jolting might have caused the condition complained of, nonetheless, the treating physician as an expert was able to conclude to a reasonable degree of medical certainty that the infection of the epididymis could have been caused by the shock from the defective operation of the isolator. Lesco has challenged this medical conclusion by proof of its own to the contrary, but we are nonetheless of the opinion that there was sufficient proof to require under Tennessee law that the question of liability based on proximate cause and damages be submitted to the jury.
 
 
 11
 Accordingly, so much of the judgment as granted a directed verdict in favor of plaintiff and against defendant Lesco is VACATED and the cause is REMANDED for a new trial in that respect. In all other respects, the judgment of the district court is AFFIRMED.